# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:05-CR-32 |
| v. ) | JUDGE PHILLIPS/GUYTON |
| ) | |
| ANDREW SEATON, ) | |
| ) | |
| Defendant. ) | |

## AGREED PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on August 17, 2005, a Second Superseding Indictment was filed in the above-referenced case charging ANDREW SEATON with, among other things, in Count One, conspiracy to knowingly, intentionally, and without authority manufacture, distribute and possess with intent to distribute in excess of one-thousand (1,000) kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, and distribute and possess, with intent to distribute, hydrocodone, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) and 841(b)(1)(C); and in Count Two, conspiracy to knowingly, intentionally, and without authority commit certain offenses against the United States, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i) and 1956(h).

WHEREAS, in the Forfeiture Allegations of the Second Superseding Indictment in the above-styled case, the United States sought forfeiture of the interest of the Defendant, pursuant to Title 21 U.S.C. § 853, in, among other things, the property described below which constitutes, or was derived from, proceeds obtained, directly or indirectly, as a result of said conspiracy, or was property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offense:

### Currency

(a) $15,000.00 in United States currency, seized on or about March 18, 2005, from Andrew Seaton;

(b) $3,590.00 in United States currency, seized on or about March 29, 2005 from a safe in Andrew Seaton's residence.

### Real Property

(a) The residence located at 1026 Powder Springs Road, Sevierville, Tennessee, in the name of Andrew Seaton by virtue of Warranty Deed 1639, Page 743, recorded on March 3, 2003. Map 028, Parcel 029.02.

### Vehicles

(a) 2000 Harley Davidson Sportster 883, VIN 1HD4CAM12YK137456;

(b) 1993 Nissan Maxima, VIN JN1EJ01FXPT407762.

### Firearms

(a) Walther P990, Serial No. 403389;

(b) Ruger P-94, Serial No. 308-60375; and

(c) Beretta Tomcat, Serial No. DAA363621.

AND WHEREAS, on February 9, 2006, the Defendant, ANDREW SEATON, pled guilty to Counts One and Two, charging him with violations of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(A), (b)(1)(C), and Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 1956(h) of the Second Superseding Indictment and agreed to forfeit his interest to the United States in the following property in which he hereby asserts that he is the sole and exclusive owner of the properties and that no one else has any legal or equitable interest therein:

### Currency

(a) $15,000.00 in United States currency, seized on or about March 18, 2005, from Andrew Seaton;

(b) $3,590.00 in United States currency, seized on or about March 29, 2005 from a safe in Andrew Seaton's residence.

### Real Property

(a) The residence located at 1026 Powder Springs Road, Sevierville, Tennessee, in the name of Andrew Seaton by virtue of Warranty Deed 1639, Page 743, recorded on March 3, 2003. Map 028, Parcel 029.02.

### Firearms

(a) Walther P990, Serial No. 403389;

(b) Ruger P-94, Serial No. 308-60375; and

(c) Beretta Tomcat, Serial No. DAA363621.

### Vehicles

(a) 2000 Harley Davidson Sportster 883, VIN 1HD4CAM12YK137456;

(b) 1993 Nissan Maxima, VIN JN1EJ01FXPT407762.

AND WHEREAS, on February 9, 2006, this Court accepted the guilty plea of the defendant, ANDREW SEATON, and by virtue of said guilty plea and conviction, the Court has determined that the property identified above is subject to forfeiture pursuant to 21 U.S.C. § 853 and that the United States has established the requisite nexus between the property and the aforesaid offense. Further the United States is now entitled to seize said property, pursuant to 21 U.S.C. § 853(g) and Rule 32.2(b) of the Federal Rules of Criminal Procedure;

AND WHEREAS, the defendant, ANDREW SEATON, and the United States have agreed that the Defendant will, prior to sentencing, pay $50,000.00 to the United States by way of check made payable to the United States Marshals Service, in full satisfaction of and in lieu of the forfeiture of his interest in the real property referenced above in the Agreed Preliminary Order of Forfeiture, and the United States has agreed to accept said $50,000.00 in full satisfaction of its forfeiture action against said real property.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That based upon the conviction of defendant, ANDREW SEATON, under 21 U.S.C. §§ 846 and 841(a)(1), 841(B)(1)(d) and 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i), the United States is hereby authorized to seize the following property and the same is hereby forfeited to the United States for disposition in accordance with law, pursuant to 21 U.S.C. § 853:

**Currency**

(a) $15,000.00 in United States currency, seized on or about March 18, 2005, from Andrew Seaton;

(b) $3,590.00 in United States currency, seized on or about March 29, 2005 from a safe in Andrew Seaton's residence.

**Firearms**

(a) Walther P990, Serial No. 403389;

(b) Ruger P-94, Serial No. 308-60375; and

(c) Beretta Tomcat, Serial No. DAA363621.

**Vehicles**

(a) 2000 Harley Davidson Sportster 883, VIN 1HD4CAM12YK137456;

(b) 1993 Nissan Maxima, VIN JN1EJ01FXPT407762.

4

2. That the aforementioned property is to be held by the United States Marshals Service in their secure custody and control.

3. That pursuant to 21 U.S.C. § 853(n)(1), the United States Marshal forthwith shall publish at least once for three consecutive weeks in a newspaper of general circulation, notice of this Order, notice of the Marshal's intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

4. This notice shall state that the petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person, as a substitute for published notice as to those persons so notified.

5. That upon adjudication of all other or third-party interests in said property, this court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

6. That the defendant, ANDREW SEATON, shall, prior to sentencing, pay $50,000.00, in United States currency to the United States by check made payable to the United States Marshals Service, in full satisfaction of the forfeiture against said real property identified below:

**Real Property**

      (a)      The residence located at 1026 Powder Springs Road, Sevierville, Tennessee, in the name of Andrew Seaton by virtue of Warranty Deed 1639, Page 743, recorded on March 3, 2003. Map 028, Parcel 029.02.

7.      That the United States Attorney shall, upon receipt of the $50,000.00 payment in full satisfaction of the forfeiture allegations in the Indictment, release its Protective Order filed against the real property located at 1026 Powder Springs Road, Sevierville, Tennessee and record the release in the Sevier County Court Clerk's Office.

8.      The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to the Federal Rules of Criminal Procedure 32.2(e).

9. That the Clerk of this Court shall provide a certified copy of this Order to the United States Marshals Service and to the United States Attorney's Office.

ENTER:

*/s/ Thomas W. Phillips*
THOMAS W. PHILLIPS
UNITED STATES DISTRICT JUDGE

Submitted by:

JAMES R. DEDRICK
United States Attorney

By: */s/ Hugh B. Ward, Jr.*
HUGH B. WARD, JR.
Assistant U.S. Attorney

*/s/ Andrew Seaton*
ANDREW SEATON
Defendant

*/s/ Wade Davies*
WADE DAVIES
Attorney for Andrew Seaton