# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | 3:05-CR-32 |
| v. ) | JUDGE PHILLIPS/GUYTON |
| ANDREW SEATON, ) | |
| Defendant. ) | |

## FINAL ORDER OF FORFEITURE

1. On August 17, 2005, a Second Superseding Indictment was filed in the above-referenced case charging ANDREW SEATON with, among other things, in Count One, conspiracy to knowingly, intentionally, and without authority manufacture, distribute and possess with intent to distribute in excess of one-thousand (1,000) kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, and distribute and possess, with intent to distribute, hydrocodone, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) and 841(b)(1)(C); and in Count Two, conspiracy to knowingly, intentionally, and without authority commit certain offenses against the United States, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (a)(1)(B)(i) and 1956(h).

2. In the Forfeiture Allegations of the Second Superseding Indictment in the above-styled case, the United States sought forfeiture of the interest of the Defendant, pursuant to Title 21 U.S.C. § 853, in, among other things, the property described below which constitutes, or was derived

from, proceeds obtained, directly or indirectly, as a result of said conspiracy, or was property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offense.

3. On February 9, 2006, the Defendant, ANDREW SEATON, pled guilty to Counts One and Two, charging him with violations of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), (b)(1)(C), and 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 1956(h) of the Second Superseding Indictment and agreed to forfeit his interest to the United States in properties in which he hereby asserts that he is the sole and exclusive owner of the properties and that no one else has any legal or equitable interest.

4. On November 3, 2006, this Court entered an Agreed Preliminary Order of Forfeiture pursuant to the guilty plea entered by the defendant, ANDREW SEATON, forfeiting to the United States, pursuant to 21 U.S.C. § 853, the defendant's interest in the properties described below, which constitutes and are derived from proceeds obtained, directly or indirectly, as a result of the offense.

**Currency**

(a) $15,000.00 in United States currency, seized on or about March 18, 2005, from Andrew Seaton; and

(b) $3,590.00 in United States currency, seized on or about March 29, 2005 from a safe in Andrew Seaton's residence.

**Real Property**

(a) $50,000 in lieu of the real property located at 1026 Powder Springs Road, Sevierville, Tennessee, in the name of Andrew Seaton.

### Firearms

    (a)    Walther P990, Serial No. 403389;

    (b)    Ruger P-94, Serial No. 308-60375; and

    (c)    Beretta Tomcat, Serial No. DAA363621.

### Vehicles

    (a)    2000 Harley Davidson Sportster 883, VIN 1HD4CAM12YK137456; and

    (b)    1993 Nissan Maxima, VIN JN1EJ01FXPT407762.

6. Pursuant to 21 U.S.C. § 853(n)(1), and the Agreed Preliminary Order of Forfeiture, Notice of Forfeiture as to the properties described above, was published in the following newspapers:

    (a)    *The Mountain Press*, a newspaper of general circulation in Sevier County, Tennessee on three occasions: June 24, 2007; July 4, 2007; and on July 11, 2007. Proof of publication was filed on August 16, 2007.

    (b)    *The Standard Banner*, a newspaper of general circulation in Jefferson City, Tennessee on three occasions: June 26, 2007; July 3, 2007; and on July 10, 2007. Proof of publication was filed on November 5, 2007.

7. The Notice of Forfeiture advised that any person, other than the Defendants, having or claiming a legal interest in the forfeited properties described herein, must file a petition with the Court within thirty (30) days of the final publication of the notice. The notice further provided that the petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

No person, corporation, or entity has filed a claim as to the properties listed above.

It is therefore ORDERED, ADJUDGED AND DECREED:

1. That the following properties be and the same are hereby forfeited to the United States, pursuant to 21 U.S.C. § 853(h) and all right, title and interest in said properties be and the same are hereby vested in the United States:

### Currency

(a) $15,000.00 in United States currency, seized on or about March 18, 2005, from Andrew Seaton; and

(b) $3,590.00 in United States currency, seized on or about March 29, 2005 from a safe in Andrew Seaton's residence.

### Real Property

(a) $50,000 in lieu of the real property located at 1026 Powder Springs Road, Sevierville, Tennessee, in the name of Andrew Seaton.

### Firearms

(a) Walther P990, Serial No. 403389;

(b) Ruger P-94, Serial No. 308-60375; and

(c) Beretta Tomcat, Serial No. DAA363621.

### Vehicles

(a) 2000 Harley Davidson Sportster 883, VIN 1HD4CAM12YK137456; and

(b) 1993 Nissan Maxima, VIN JN1EJ01FXPT407762.

2. That the United States Marshal Service shall dispose of said forfeited properties according to law.

3. That the Clerk of this Court provide the United States Marshal Service and the United States Attorney's Office with a certified copy of this Final Order of Forfeiture.

ENTER:

*Thomas W. Phillips*
THOMAS W. PHILLIPS
UNITED STATES DISTRICT JUDGE

Submitted by:

JAMES R. DEDRICK
United States Attorney

s/ Hugh B. Ward, Jr.
HUGH B. WARD, JR.
Assistant United States Attorney